OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion involves the interesting query upon which there is little or no New York authority; that is, where a court determines that an infant of tender years is incompetent for purposes of being examined at this time, then may the father of the infant be questioned now at an examination before trial as to what his son told him about how the accident happened?
This is an action for personal injuries allegedly sustained by the infant plaintiff, Douglas Berggren, when he was hit by a motor vehicle. At the examination before trial, the defendants sought to find out from James Berggren what his son said about how the accident happened. The plaintiffs’ attorney objected on the grounds that a ruling by the late distinguished Mr. Justice Tomson barred such questioning, and that any statement made by the son to the father was a privileged communication.
During the course of these examinations, James Berggren, the infant’s father, was asked the following questions and gave the following answers:
"Q. Did you speak to the boy about how it happened?
"A. I had.
"Q. What did he say
"Mr. Steinbrecher: I am going to object to that.
"Mr. Fallon: Are you going to instruct him not to answer?
"Mr. Steinbrecher: Yes.
"Mr. Fallon: On what grounds, Mr. Steinbrecher?
"Mr. Steinbrecher: First of all, on the same grounds we just had a ruling, how competent the boy was in what he said and knowing what he said, that I believe it would be a privileged communication between the boy and his father. It is not an admission to another party in the case.”
In the dialogue above, plaintiff’s counsel has based his objection to James Berggren answering the question posed by the defendants’ counsel, on the Judge’s prior ruling. Defendants’ counsel contends that plaintiffs’ counsel was incorrect when, in referring to this ruling, he stated that a ruling had *488 been had on "how competent the boy was in what he said and knowing what he said”.
On page 3 of the transcript of this examination before trial, it was: "Put on the record that the attorneys for the plaintiff and defendant proceeded to Judge Bernard Tomson for ruling with respect to the competency of the infant, Douglas Berggren, to testify at this time and, after preliminary questions, the Judge ruled that, in his opinion, the child was not competent to testify at the present time and left it without prejudice to seek an examination of the boy at a later time.”
The court finds that a review of the transcript of the examination before trial that Justice Tomson’s ruling pertained only to the competency of the infant plaintiff to testify at the present time, and that the question asked of the infant’s father was not barred or covered by Justice Tomson’s ruling, and, thus, must be determined on this motion.
Although an infant who does not understand the obligation of an oath may be excluded from testifying in court when he becomes a party to a lawsuit, the same kinds of evidence, including admissions and declarations, are received against him as are received against an adult (see Gay v Ballou, 4 Wend 403; M’Coon v Smith, 3 Hill 147; Haile v Lillie, 3 Hill 149; Koester v Rochester Candy Works, 194 NY 92; Gangi v Fradus, 227 NY 452; Ann. 89 ALR 708; Ann. 12 ALR3d 1051, and the cases cited therein).
It is one thing for the child declarant to have had the capacity to make a trustworthy statement about something he had just experienced, and another to be able to testify reliably in court as a witness as to what occurred A number of years previously, to withstand cross-examination and to appreciate the obligation of an oath (see 29 Am Jur 2d, Evidence, § 608).
Though the admissions and declaration of an infant are to be received with caution, and the weight and effect of such admissions and declarations are to be determined by the trier of fact, after due consideration of the infant’s age and understanding and all the facts and circumstances of the case, they nevertheless, in this instance, are admissible (see 29 Am Jur 2d, Evidence, § 608).
Also, it is also well settled that " 'the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made.’ ” (See Sacks v Greyhound Corp., 36 Misc 2d 989, 990; Reed v McCord, 160 NY 330, 341.)
*489 Furthermore, as to the plaintiffs’ objection that the statements are privileged, suffice it to note that there is no privilege recognized in law for a conversation between a parent and his child.
Therefore, the motion by the defendants for an order compelling plaintiff, James Berggren, to answer a certain question posed at his examination before trial, is granted.
Accordingly, plaintiff, James Berggren, is directed to appear for the continuation of his examination before trial as to any statement made to him by his son concerning the cause of the accident, at Special Term, Part II of this court, Room 5, lower level, Supreme Court Building, Mineóla, New York, on August 21, 1978 at 9:30 a.m.