■ MORRIS CHADIS et al., Respondents, v GRAND UNION COMPANY, Appellant, and ROBERT NELSON et al., Respondents.

The defendant Grand Union Company (hereinafter Grand Union) leases a supermarket from the codefendants Robert Nelson and Leo Zucker, a partnership trading as Bridon Realty Company. The plaintiff Morris Chadis was injured, allegedly as the result of a defective condition which existed on the surface of a parking lot located near the supermarket. Essentially conceding that the location of the accident was a part of the demised premises, Grand Union made a motion for summary judgment on the basis that the codefendants had promised, and had in fact undertaken to be primarily responsible for the inspection and repair of the parking lot. The Supreme Court denied the motion, and we affirm.

In *Putnam v Stout* (46 AD2d 812, *affd* 38 NY2d 607), this court affirmed a judgment based upon a jury verdict which was in favor of an injured plaintiff and which was against both a landlord and a tenant. The Court of Appeals upheld this finding of liability, as well as its apportionment of liability between the two defendants. In so doing, both the Court of Appeals and the Appellate Division necessarily recognized that the tenant had a common-law duty to remove dangerous defects from premises occupied by it, even though the landlord may have made an explicit contractual promise in the lease to keep the subject premises in good repair.

The holding in *Putnam v Stout (supra)* is consistent with the general rule that a tenant may be held liable for negligently allowing the demised premises to become dangerous, and that such potential for liability exists independently of the terms of the lease and irrespective of whether the tenant actually covenanted to keep the property in good repair *(see generally,* 2B Warren, New York Negligence, Landlord and Tenant, § 18.01, at 1041-1043; Prosser and Keeton, Torts § 63, at 434-435 [5th ed]). Grand Union has essentially conceded that the area where the plaintiff's accident occurred is a part of the demised premises. The possibility that other tenants at the shopping center might also have a possessory interest in the parking lot (whether this is so is not entirely clear) is immaterial. In *Putnam v Stout* (38 NY2d 607, 613, *supra),* the defendant tenant was held liable even though it had been established that other tenants shared a possessory interest in the outdoor area where the accident occurred.

Therefore, Grand Union is not entitled to summary judgment against the plaintiff, either on the basis that the codefendant landlord had agreed to keep the parking lot in good

repair, or on the basis that there is evidence that the landlord had, in fact, undertaken regularly to inspect the parking lot. Thus, the order under review is affirmed *(see also, Kleiner v Town of Babylon,* 133 AD2d 612, 614; *Charney v Muss,* 122 AD2d 825, 826; *Nicks v Joseph,* 82 AD2d 768, 769). We note that this appeal does not present us with any issue concerning the right of either defendant to obtain contribution or indemnification *(see generally, City of New York v Kalikow Realty Co.,* 71 NY2d 957 [city entitled to indemnification from landowner which covenanted to repair sidewalk]; *Rogers v Dorchester Assocs.,* 32 NY2d 553 [landowner entitled to indemnification from contractor which covenanted to maintain elevator]; *see also, Conroy v Swartout,* 135 AD2d 945, 947; *cf., Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.