■ Roscoe McClenan, Respondent, v Brancato Iron and Fence Works et al., Appellants. [724 NYS2d 438] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated June 28, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Vincent Brancato.

Ordered that the appeal by the defendants Brancato Iron and Fence Works, Vincent Brancato and Sons Fence and Iron Works, Inc., and Ideal Steel Corp. is dismissed, as they are not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Vincent Brancato; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff allegedly was injured when he slipped on ice on premises owned by the defendant Vincent Brancato. The defendants moved for summary judgment dismissing the complaint insofar as asserted against, among others, Brancato, on the ground that he had relinquished control of the premises to his tenant, F&M Bus and Van Corp. (hereinafter F&M) and, pursuant to the terms of their oral month-to-month agreement, F&M was responsible for snow removal at the premises.

The statements in Brancato's affidavit regarding his oral agreement with F&M established prima facie that, as an out-of-possession landlord, he was not liable for the plaintiff's injuries (*see, Carvano v Morgan,* 270 AD2d 222). However, the plaintiff presented contradictory evidence as to the existence of an original written lease between Brancato and F&M. In the event the lease had expired, as Brancato's deposition testimony suggested, a continuation of the tenancy on the same terms as those in the original lease is implied where the tenant remains in possession (*see, City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298, 300). Whether Brancato relinquished control to F&M over the portion of a common driveway where the plaintiff fell and whether F&M was responsible for snow removal are

questions that cannot be resolved in the absence of the lease (*see, Griffith v 505 W. 142nd St. Hous. Dev. Fund Corp.*, 269 AD2d 237; *Brasby v Barra,* 156 AD2d 530). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Brancato. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.