■ JOYCE COHEN et al., Respondents, v CENTRAL PARKING SYSTEMS, INC., et al., Appellants. [756 NYS2d 266] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated May 30, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joyce Cohen allegedly was injured when she slipped and fell on snow and ice in a parking lot leased to the defendants. A provision of the lease placed responsibility for snow and ice removal on the landlord. Based on that lease provision, the defendants moved for summary judgment dismissing the complaint, contending that the landlord had exclusive responsibility for snow and ice removal and therefore they could not be held liable for the alleged dangerous condition.

The Supreme Court denied the motion, concluding that there was a question of fact as to whether the lease was binding on the defendants, an issue not raised by the parties. We affirm, but on a different ground.

A tenant may be held liable for a dangerous or defective condition on the premises it occupies, even where the landlord has explicitly agreed in the lease to maintain the premises and keep it in good repair (*see McNelis v Doubleday Sports,* 191 AD2d 619 [1993]; *Chadis v Grand Union Co.,* 158 AD2d 443 [1990]). Consequently, the fact that the landlord was contractually responsible for snow and ice removal does not relieve the defendants from liability for the alleged dangerous condition on the premises. The defendants' contention that they merely managed the collection of parking fees and were not in possession of the premises is unsubstantiated by the record and contrary to the provisions of the lease on which they rely in seeking to relieve themselves of liability.

There is no merit to the plaintiffs' contention that the Supreme Court should have rejected the defendants' motion for summary judgment as untimely, since the defendants demonstrated good cause for the delay (*see* CPLR 3212 [a]). Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.