■ BRIDGETTE CORLEY, Plaintiff, v COUNTRY SQUIRE APARTMENTS, INC., Respondent, and RICK OSBURN CONSTRUCTION, INC., Appellant. [820 NYS2d 900]—

In an action to recover damages for personal injuries, the defendant Rick Osburn Construction, Inc., appeals from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated October 11, 2005, as denied those branches of its motion which were for summary judgment dismissing the cross claims of the defendant Country Squire Apartments, Inc., for contractual and common-law indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for summary judgment dismissing the cross claims of the defendant Country Squire Apartments, Inc., for contractual and common-law indemnification are granted.

The Supreme Court erred in denying those branches of the appellant's motion which were for summary judgment dismissing the cross claims of the defendant Country Squire Apartments, Inc. (hereinafter Country Squire), for contractual and common-law indemnification. With respect to contractual indemnification, the appellant established its entitlement to judgment as a matter of law. There is no evidence that the appellant had any contractual obligation to indemnify Country Squire (*see Keshavarz v Murphy,* 242 AD2d 680 [1997]). Country Squire did not oppose that branch of the appellant's motion which was for summary judgment on the cross claim for contractual indemnification, and thus failed to raise a triable issue of fact (*see Fairhaven Apts. No. 4, Inc. v Town of N. Hempstead,* 8 AD3d 425 [2004]).

In addition, Country Squire failed to sufficiently plead the elements of common-law indemnification as its cross claim did not allege that the plaintiff's injury was due solely to the appellant's negligent performance or nonperformance of an act solely within its province (*see Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457 [2001]). In any event, the appellant established its entitlement to judgment as a matter of law on Country Squire's cross claim for common-law indemnification by showing that Country Squire's liability, if any, would be based on its actual wrongdoing in failing to properly maintain its property, and not on its vicarious liability for the appellant's conduct (*see Keshavarz v Murphy, supra*). In opposition, Country Squire failed to raise a triable issue of fact. Miller, J.P., Adams, Skelos and Covello, JJ., concur.