■ DARRELL FELIX, Appellant, v SEARS, ROEBUCK AND Co., Respondent. [883 NYS2d 40]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about January 10, 2008, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

This personal injury action arises from a slip and fall that occurred in defendant's store on July 7, 2005 at about 6:00 P.M. Plaintiff testified at his deposition that he and his wife were shopping in the housewares department when he slipped on what he described as an "oily" substance that "had like a detergent smell in it." He recounted that the substance was "clear . . . like a water solution." After he fell, he noticed a "wet floor sign" on the ground, about eight or nine feet from where he landed.

Plaintiff's wife gave consistent deposition testimony about the substance on which her husband slipped, saying that it

"looked like grease, oil, some kind of oil with a [strong detergent] smell . . . and also water around" it. She remembered seeing two signs on the floor, both warning that the floor was wet. She also testified that a cashier came to her husband's assistance after he fell and that the cashier gave him her contact information, but he inadvertently threw it away.

Defendant moved for summary judgment, arguing that there was no evidence that it created, or had actual or constructive notice of, a hazardous condition at the location of plaintiff's accident at the date and time in question. Defendant pointed to the absence of evidence as to how long the alleged hazardous substance had been on the ground or where it originated. The defense produced deposition testimony and an affidavit by Shawn Sexton, the Sears loss prevention manger at the White Plains store where plaintiff fell, and an affidavit from Jamal Evans, the district loss prevention manager for several Sears locations, including the White Plains store. Both explained that three janitors regularly cleaned the floors each morning at 7:00 A.M., using a professional floor cleaner that did not leave any residue. However, defendant's loss prevention manager admitted that it was store policy to put warning signs at the site of any spill.

In the circumstances, the presence of at least one warning sign, and possibly two, was sufficient evidence to raise an issue of fact whether defendant had actual notice of the hazardous condition that caused plaintiff to fall (*Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 695 [2004]). Concur—Gonzalez, P.J., Andrias, Buckley and Acosta, JJ.