■ Felicity Reimold, Plaintiff, v Walden Terrace, Inc., et al., Defendants/Third-Party Plaintiffs-Respondents, and Coinmach Corporation, Defendant/Third-Party Defendant-Appellant, et al., Defendant. [926 NYS2d 153]—

In an action to recover damages for personal injuries, Coinmach Corporation appeals from an order of the Supreme Court, Queens County (Butler, J.), entered January 25, 2010, which denied its motion for summary judgment dismissing the complaint, the third party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying those branches of the appellant's motion which were for summary judgment dismissing the cross claims and third-party causes of action for contractual and common-law indemnification, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly was injured when she slipped and fell on water emanating from a flooded laundry room in an apartment complex owned and managed by the defendants/third-party plaintiffs Walden Terrace, Inc., and ARAS Properties, Inc. (hereinafter together Walden Terrace). Walden Terrace had leased the laundry rooms in the complex to the defendant Coinmach Corporation, also incorrectly sued and impleaded herein as Coinmach Industries Co. (hereinafter Coinmach). The lease, among other things, provided for Coinmach's exclusive use and occupancy of the laundry rooms for a fixed period of time, in return for monthly rent payments. Pursuant to the terms of the lease, Coinmach was required to inspect the laundry rooms once per week in accordance with a checklist, while Walden Terrace was responsible for maintaining the rooms in a clean condition. Coinmach moved for summary judgment dismissing the complaint, as well as all cross claims and the third-party complaint insofar as asserted against it, in which Walden Terrace asserted claims for contribution, contractual indemnification, and common-law indemnification. The Supreme Court denied the motion. We modify.

The Supreme Court properly denied that branch of Coinmach's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to Coinmach's contention, it failed to establish, prima facie, that it did not owe a duty to the plaintiff. A tenant has a common-law duty to keep the premises it occupies in a reasonably safe condition, even when the landlord has explicitly agreed in the lease to maintain the premises (*see Cohen v Central Parking Sys.*, 303 AD2d 353, 354 [2003]; *Chadis v Grand Union Co.*, 158 AD2d 443 [1990]; *see also Zuckerman v State of New York*, 209 AD2d 510, 512 [1994]). Coinmach's contention that it merely maintained the laundry equipment and was not in possession of the premises is unsubstantiated and contrary to the provisions of the lease (*see Cohen v Central Parking Sys.*, 303 AD2d at 354; *see also Zuckerman v State of New York*, 209 AD2d at 511-512; *cf. Coinmach Corp. v Harton Assoc.*, 304 AD2d 705, 706 [2003]).

Moreover, Coinmach failed to make a prima facie showing that it did not create the alleged dangerous condition. "A defendant who moves for summary judgment in a slip-and-fall

case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Melnikov v 249 Brighton Corp.*, 72 AD3d 760, 760 [2010]; *Frazier v City of New York*, 47 AD3d 757, 758 [2008]). Here, the deposition testimony of Walden Terrace's maintenance worker, submitted by Coinmach in support of its motion, established that the flooding was caused by a clog consisting of hair or similar material in the pipe that drained the water from Coinmach's washing machines. Further, while the checklist for Coinmach's weekly inspections required its technicians to check the washing machines' lint filters, Coinmach's regional vice president testified at his deposition that the machines were not equipped with lint filters. Accordingly, Coinmach failed to eliminate all triable issues of fact as to whether it created the dangerous condition by negligently maintaining its machines (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Since Coinmach did not establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of Coinmach's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

However, the Supreme Court erred in denying those branches of Coinmach's motion which were for summary judgment dismissing Walden Terrace's cross claims and third-party causes of action for contractual and common-law indemnification. With respect to contractual indemnification, Coinmach established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have a contractual obligation to indemnify Walden Terrace (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 978 [2006]). Walden Terrace did not oppose that branch of Coinmach's motion which was for summary judgment dismissing the cross claim and the third-party cause of action for contractual indemnification and, thus, failed to raise a triable issue of fact (*see Corley v County Squire Apts., Inc.*, 32 AD3d at 978; *Fairhaven Apts. No. 4, Inc. v Town of N. Hempstead*, 8 AD3d 425, 426 [2004]). In addition, Coinmach established its entitlement to judgment as a matter of law dismissing Walden Terrace's cross claim and third-party cause of action for common-law indemnification by showing that Walden Terrace's liability, if any, "would be based on its actual wrongdoing in failing to properly maintain its property, and not on its vicarious li-

ability for [Coinmach]'s conduct" (*Corley v County Squire Apts., Inc.*, 32 AD3d at 979; *see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568-569 [1987]; *Consolidated Rail Corp. v Hunts Point Term. Produce Coop. Assn., Inc.*, 11 AD3d 341, 342 [2004]). In opposition, Walden Terrace failed to raise a triable issue of fact.

Coinmach's remaining contention is without merit. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.