■ STEVEN SARISOHN, Appellant, v 341 COMMACK ROAD, INC., et al., Respondents. (And a Third-Party Action.) [934 NYS2d 202]—

The plaintiff's daughter allegedly was injured when she slipped and fell on snow and ice located on the sidewalk and parking lot in front of real property owned by the defendant 341 Commack Road, Inc. (hereinafter 341 Commack), and leased to the defendant CVS Pharmacy (hereinafter CVS). A provision of the lease between the two defendants placed responsibility for snow and ice removal with 341 Commack. Prior to the accident, 341 Commack had entered into an agreement with a snow removal company to perform such services at the property.

The plaintiff, as parent and natural guardian, commenced this action to recover damages for the personal injuries allegedly sustained by his daughter. The two defendants separately moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of the defendants' separate motions and entered a judgment, inter alia, dismissing the complaint. We reverse the judgment insofar as appealed from.

The Supreme Court should have denied that branch of 341 Commack's motion which was for summary judgment dismissing the complaint insofar as asserted against it. While a principal generally will not be held liable for the negligent acts of an independent contractor (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995]; Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]), owners of real property onto which members of the public are invited have a nondelegable duty to provide the public with reasonably safe premises and a safe means of ingress and egress (see Podlaski v Long Is. Paneling Ctr. of Centereach, Inc., 58 AD3d 825, 826 [2009]; Richardson v Schwager Assoc., 249 AD2d 531 [1998]; Vought v Hemminger, 220 AD2d 580 [1995]; Thomassen v J & K Diner, 152 AD2d 421 [1989]). Here, 341 Commack failed to eliminate all triable issues of fact as to whether the snow removal efforts of the company it hired for that purpose did not cause, create, or exacerbate the icy condition that resulted in the subject accident (see Knee v Trump Vil. Constr. Corp., 15 AD3d 545 [2005]; Karalic v City of New York, 307 AD2d 254 [2003]; Giamboi v Manor House Owners Corp., 277 AD2d 201 [2000]). Since 341 Commack failed to establish its prima facie entitlement to judgment as a matter of law, that

branch of 341 Commack's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

Likewise, the Supreme Court erred in granting that branch of CVS's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to its contention, CVS failed to establish, prima facie, that it did not owe a duty to the plaintiff's daughter. A tenant has a common-law duty to remove dangerous or defective conditions from the premises it occupies, even though the landlord may have explicitly agreed in the lease to maintain the premises and keep them in good repair (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1145 [2011]; *Cohen v Central Parking Sys.*, 303 AD2d 353 [2003]; *McNelis v Doubleday Sports*, 191 AD2d 619 [1993]; *Chadis v Grand Union Co.*, 158 AD2d 443 [1990]). CVS failed to establish, prima facie, that it did not have actual or constructive knowledge of the defective condition. Since CVS failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 852). Angiolillo, J.P., Leventhal, Belen and Roman, JJ., concur.