■ JESSICA ROSADO, Respondent, v PHIPPS HOUSES SERVICES, INC., et al., Appellants. [940 NYS2d 866]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered May 10, 2011, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she slipped and fell in a puddle located on an exterior landing of premises owned, managed and/or operated by defendants, and that two yellow caution cones had been placed against the wall, to her right and left, as she exited, but not in the area of the liquid condition. The presence of caution cones here created a triable issue of fact as to prior actual notice of the condition, as defendants' witness admitted that they would place such caution cones to alert others to a slippery condition and plaintiff denied that the cones were being used to prop open a door, as had been alleged by defendants' witness (*see Felix v Sears, Roebuck & Co.*, 64 AD3d 499 [2009]; *Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692 [2004]). Additionally, while

the hearsay portions of a witness affidavit submitted in opposition to the motion, which referred to an unidentified person or persons having admitted prior notice of the condition, were inadmissible (*see Cassanova v General Cinema Corp. of N.Y.*, 237 AD2d 155 [1997]; *Pascarella v Sears, Roebuck & Co.*, 280 AD2d 279 [2001]), the witness's first hand account of providing defendants with notice of the condition at least 45 minutes before the accident raised triable issues of fact as to prior actual and constructive notice of the condition. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.