■ Luis Campoverde, Plaintiff, v Fabian Builders, LLC, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff/Third Third-Party Plaintiff-Appellant, et al., Defendant/Third-Party Defendant/Second Third-Party Defendant, et al., Second Third-Party Defendant. Tahoe Development Corp. et al., Third Third-Party Defendants-Respondents, et al., Third Third-Party Defendants. [945 NYS2d 136]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff, Fabian Builders, LLC, appeals from an order of the Supreme Court, Kings County (Martin, J.), dated March 14, 2011, which granted the motion of the third third-party defendants Tahoe Development Corp. and Anthony E. Gurino for summary judgment dismissing the third third-party complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the third third-party defendants Tahoe Development Corp. and Anthony E. Gurino which were for summary judgment dismissing the third third-party causes of action for common-law indemnification and contribution insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained while working on a construction site owned by the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff, Fabian Builders, LLC (hereinafter Fabian). After the plaintiff testified at a deposition that, on the day of his alleged accident, he worked for Anthony Gurino and "Tahoe Corporation or something," Fabian commenced, among other third-party actions, a third third-party action against, among others, Tahoe Development Corp. (hereinafter TDC) and Anthony E. Gurino, seeking, inter alia, contractual and common-law indemnification and contribution. TDC and Gurino moved for summary judgment dismissing the third third-party complaint insofar as asserted against them. The Supreme Court granted the motion, Fabian appeals, and we modify.

The Supreme Court properly granted that branch of the motion of TDC and Gurino which was for summary judgment dismissing the third third-party causes of action for contractual indemnification insofar as asserted against them. TDC and Gurino established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have a contractual obligation to indemnify Fabian (see *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 978 [2006]). In opposition, Fabian failed to raise a triable issue of fact.

However, the Supreme Court should have denied those branches of the motion of TDC and Gurino which were for summary judgment dismissing the third third-party causes of action for common-law indemnification and contribution insofar as asserted against them. TDC and Gurino failed to establish prima facie that they did not actually supervise or control the work giving rise to the plaintiff's alleged injuries (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 376-378 [2011]; *Naughton v City of New York*, 94 AD3d 1, 11 [2012]). The evidence submitted in support of their motion did not eliminate triable issues of fact as to whether the plaintiff was working for and supervised by TDC or Gurino at the time of his accident. Since TDC and Gurino failed to satisfy their prima facie burden as the movants, we need not review the sufficiency of Fabian's opposition papers with respect to those branches of the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.