Raghda Dabbagh et al., Respondents-Appellants, v Newmark Knight Frank Global Management Services, LLC, Individually and Doing Business as Newmark Knight Frank Global Management Services et al., Appellants-Respondents, and Roosevelt Field Mall et al., Respondents. [952 NYS2d 118]—

Supreme Court properly found that the factual accounts provided by the witnesses raised multiple issues of fact precluding summary judgment for Newmark. Plaintiff indicated she slipped on water near a warning cone while walking through a food court at the mall and moving to avoid other people. She did not see any liquid until after she fell. On the other hand, a security guard prepared an accident report stating that he was informed by an employee of a nearby restaurant that four cones had been placed around a spill prior to the accident, and his report and testimony were ambiguous as to whether the spill was cleaned by housekeeping before or after the accident occurred. In light of the conflicting evidence, an issue of fact exists as to the reasonableness of the steps taken to address the slippery condition (*see Signorelli v Great Atl. & Pac. Tea Co., Inc.*, 70 AD3d 439 [1st Dept 2010]; *Winter v Stewart's Shops Corp.*, 55 AD3d 1075 [3d Dept 2008]; *cf. Brown v New York Marriot Marquis Hotel*, 95 AD3d 585 [1st Dept 2012]). Affording plaintiffs, nonmovants, the benefit of all reasonable inferences in their favor, it cannot be said that Newmark demonstrated that no questions of fact exist as to the reasonableness of the precautions it took (*see Melendez v Dorville*, 93 AD3d 528 [1st Dept 2012]).

Supreme Court did not err in considering the unsworn affidavit of plaintiffs' daughter for the purpose of determining whether issues of fact exist. Whether an infant is competent to testify in a civil case is a matter of discretion for the trial court to decide depending on the particular circumstances and infant (*see Totan v Board of Educ. of City of N.Y.*, 133 AD3d 366 [2d Dept 1987], *lv denied* 70 NY2d 614 [1988]; *Rittenhouse v Town of N. Hempstead*, 11 AD2d 957 [2d Dept 1960]), and the fact that the affidavit was unsworn goes to its weight, not admissibility under these circumstances (*see Gangi v Fradus.*, 227 NY 452 [1920]; *Berggren v Reilly*, 95 Misc 2d 486, 488 [Sup Ct, Nassau County 1978]).

However, Supreme Court should have denied the mall defendants' motion. As the movants, they bear the burden of disproving an essential element of plaintiffs' claims and cannot " 'affirmatively establish[ ] the absence of notice as a matter of law' . . . merely by pointing out gaps in the plaintiff's case" (*Martinez v Khaimov*, 74 AD3d 1031, 1033 [2d Dept 2010], quoting *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [2d Dept 1998], *lv denied* 92 NY2d 805 [1998]). The timing of the placement of warning cones in the area by a security guard or housekeeping raises a question of fact as to actual notice (*see Rosado v Phipps Houses Servs., Inc.*, 93 AD3d 597 [1st Dept 2012]; *Felix v Sears, Roebuck & Co.*, 64 AD3d 499 [1st Dept 2009]). The scope and extent of the mall defendants' control or supervision over the companies retained to provide janitorial and security services is an issue of fact (*Hedvat v Yonkers Contr. Co., Inc.*, 96 AD3d 697, 698 [1st Dept 2012]). If either entity had notice of the condition, such knowledge may be imputable to the mall defendants, the owner of the premises (*see LoGiudice v Silverstein Props., Inc.*, 48 AD3d 286 [1st Dept 2008]; *Laecca v New York Univ.*, 7 AD3d 415 [1st Dept 2004], *lv denied* 3 NY3d 608 [2004]). Concur—Andrias, J.P., Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 32611(U).]**