Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered November 23, 2011, which, to the extent appealed from as limited by the briefs, granted defendant New York City Department of Education’s (DOE) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
The DOE failed to meet its prima facie burden of showing that it neither created nor had actual or constructive notice of the wet condition in the school cafeteria upon which plaintiff slipped and fell (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). Defendants’ own submissions show that questions of fact exist as to whether they had notice of the condition. One of the custodial workers at the subject school testified that another custodian called him and told him that caution signs were placed “out,” but because he was not present when the accident occurred, he was unable to testify about where or when the warning sign or signs were placed. Because the presence of at least one warning sign is sufficient evidence to raise an issue of fact as to whether a defendant had actual notice of a hazardous condition, the DOE’s motion should have been denied (see Dabbagh v Newmark Knight Frank Global *682 Mgt. Servs., LLC, 99 AD3d 448, 450 [1st Dept 2012]; Rosado v Phipps Houses Servs., Inc., 93 AD3d 597, 597 [1st Dept 2012]).
Further, even if the DOE could delegate its duty to maintain the school premises in a reasonably safe condition (see Kush v City of Buffalo, 59 NY2d 26, 29 [1983]; Jonathan A. v Board of Educ. of City ofN.Y., 8 AD3d 80, 82 [1st Dept 2004]), the DOE did not establish, as was its burden, that the contract between it and third-party defendant Temco Service Industries constituted an exclusive maintenance contract completely displacing the DOE’s duty (see Church v Callanan Indus., 99 NY2d 104, 112 [2002]). If any written agreement exists, none was proffered, and the testimony about the agreement indicates that the DOE retained at least some control over cleaning and maintenance (see Gronski v County of Monroe, 18 NY3d 374, 379-382 [2011]).
Concur—Acosta, J.E, Moskowitz, Renwick, Freedman and Clark, JJ.