■ METADIJIA ATANASOKI, Plaintiff, v BRAHA INDUSTRIES, INC., Defendant, BII STEINWAY, LLC, Respondent, and NEW YORK & COMPANY STORES, INC., Appellant. [2 NYS3d 524]—

In an action to recover damages for personal injuries, the defendant New York & Company Stores, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated August 28, 2013, as granted those branches of the motion of the defendant BII Steinway, LLC, which were for summary judgment dismissing the complaint insofar as asserted against that defendant and the cross claim asserted by it against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant BII Steinway, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant New York & Company Stores, Inc., is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion of the defendant BII Steinway, LLC, which was for summary judgment dismissing the cross claim asserted by the defendant New York & Company Stores,

Inc., against it is denied, and the cross claim is converted into a third-party cause of action; and it is further,

Ordered that one bill of costs is awarded to the defendant New York & Company Stores, Inc.

The plaintiff allegedly sustained personal injuries when he slipped and fell on an icy condition on a sidewalk abutting a premises owned by the defendant BII Steinway, LLC (hereinafter BII), and leased to the defendant New York & Company Stores, Inc. (hereinafter NY&C). The plaintiff commenced this action against, among others, BII and NY&C. NY&C asserted a cross claim against BII for common-law indemnification. As relevant here, BII moved for summary judgment dismissing the complaint insofar as asserted against it and NY&C's cross claim. The Supreme Court granted those branches of the motion.

The key element of a cause of action for common-law indemnification is not a duty running from the indemnitor to the injured party, but rather, is a separate duty owed the indemnitee by the indemnitor (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909 [2012]). " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (*Henderson v Waldbaums*, 149 AD2d 461, 462 [1989], quoting *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]; *see Desena v North Shore Hebrew Academy*, 119 AD3d 631 [2014]; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656 [2014]).

Here, BII argued that NY&C could not seek common-law indemnification since it, and not BII, was responsible for maintaining the abutting sidewalk. It argued that NY&C's liability to the plaintiff, if any, was therefore based on NY&C's own alleged failure to maintain the abutting sidewalk in a reasonably safe condition, and not on its vicarious liability for BII's alleged failure to maintain the sidewalk (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144 [2011]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]). However, BII failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions revealed the existence of triable issues of fact as to whether BII or NY&C was responsible for maintaining the abutting sidewalk.

In light of this determination, it is unnecessary to review the sufficiency of NY&C's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, that branch of BII's motion which was for summary judgment dismissing NY&C's cross claim asserted against it should have been denied, and, upon the granting of that branch of BII's motion which was for summary judgment dismissing the complaint insofar as asserted against it, the cross claim should have been converted into a third-party cause of action (*see Soodoo v LC, LLC*, 116 AD3d 1033 [2014]). Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.