*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519193
_____

BILLIE CONTRERAS et al.,
                    Respondents,

        v

RANDI'S ENTERPRISE, LLC,                    MEMORANDUM AND ORDER
                    Defendant,
        and

K.C. CUSTOM FRAMING, LLC,
                    Appellant.

(And a Third-Party Action.)
_____


Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.;
         McCarthy, J., vouched in.

                    _____


        Shantz & Belkin, Latham (Frederick F. Shantz of counsel),
for appellant.

        Friedman, Hirschen & Miller, LLP, Albany (John L. Orfan of
counsel), for respondents.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Crowell, J.),
entered April 2, 2014 in Saratoga County, which denied a motion
by defendant K.C. Custom Framing, LLC for summary judgment
dismissing the amended complaint against it.

        Plaintiff Billie Contreras (hereinafter plaintiff) and his
spouse, derivatively, commenced this action after plaintiff

slipped and fell on ice in a parking lot while making a delivery to defendant K.C. Custom Framing, LLC (hereinafter defendant), a framing and fabric business. Defendant operated its retail store at 75 Weibel Avenue in the City of Saratoga Springs, Saratoga County and, in addition, used premises located across the street at 68 Weibel Avenue, which is where plaintiff fell. Both locations are owned by third-party defendant, who is also the father of the two sisters who own defendant. Following joinder of issue and the completion of discovery, defendant moved for summary judgment dismissing the amended complaint against it upon the ground that it did not occupy or control the relevant premises where plaintiff fell. Supreme Court denied the motion and defendant appeals.

We affirm. A nonowner who occupies or controls premises has a duty to exercise reasonable care regarding the condition of the premises (see Stevenson v Saratoga Performing Arts Ctr., Inc., 115 AD3d 1086, 1086-1087 [2014]). The boundaries of occupancy and extent of control are typically addressed in a written agreement, and may also be established or modified by a course of conduct (see Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011]). The absence of a written agreement creates a situation ripe for factual issues regarding relevant rights and responsibilities to the premises (see e.g. Geffs v City of New York, 105 AD3d 681, 682 [2013]; McClenan v Brancato Iron & Fence Works, 282 AD2d 722, 722-723 [2001]; Downey v R.W. Garraghan, Inc., 198 AD2d 570, 571-572 [1993]).

Here, there was no written agreement between defendant and third-party defendant regarding the premises. Defendant and third-party defendant had a close familial relationship, and it does not appear from the record that there was even an oral agreement specifically delineating their rights and responsibilities. In light of the absence of any agreement, defendant's conduct regarding the premises is particularly pertinent. Plaintiff testified that, although defendant had a retail store across the road at 75 Weibel Avenue, he was directed by defendant to make deliveries at the 68 Weibel Avenue shop. He recalled that an owner or an employee of defendant was always present at such address when he made a delivery. While there were other businesses that used the parking lot at 68 Weibel

Avenue, plaintiff stated that there were never vehicles directly in front of defendant's shop other than a vehicle of an employee/owner of defendant.  He parked at such location in front of the shop when making deliveries and was so parked on the date of his accident.  A freestanding sign for defendant's business was located outside the building at 68 Weibel Avenue and in the vicinity where plaintiff parked.  We agree with Supreme Court that, under the circumstances, there are triable issues of fact as to whether defendant exercised control over the pertinent part of the 68 Weibel Avenue premises.

Given the absence of a written agreement regarding the extent of defendant's control and the existence of factual issues as to whether defendant exercised control over the pertinent part of the parking lot, the fact that third-party defendant routinely provided snow removal from the parking lot does not necessarily shield defendant from potential liability for plaintiff's fall on ice in the parking lot (see e.g. Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1145 [2011]; Cohen v Central Parking Sys., 303 AD2d 353, 354 [2003]).

McCarthy and Devine, JJ., concur.


Lynch, J. (dissenting).

We respectfully dissent.  A party is not liable for injuries caused by dangerous or defective conditions on property unless the party owns, occupies, controls or has special use of the property (see Giglio v Saratoga Care, Inc., 117 AD3d 1143, 1144 [2014]; Turrisi v Ponderosa, Inc., 179 AD2d 956, 957 [1992]).  Here, although defendant K.C. Custom Framing, LLC (hereinafter defendant) primarily conducted business at a location across the street from 68 Weibel Avenue, it also occupied and, as relevant here, accepted deliveries at 68 Weibel Avenue.  Plaintiff Billie Contreras (hereinafter plaintiff) fell in the open parking lot owned by third-party defendant and used by defendant and the other tenants in the 68 Weibel Avenue shop, their invitees and people visiting an adjacent golf course.  One of defendant's two owners testified at her examination before trial that, although there was no lease between them, third-party

defendant provided snow and ice removal for 68 Weibel Avenue, including the parking lot, and defendant did not inspect, salt or sand the parking lot.

Now, and before Supreme Court, plaintiffs primarily cite the general rule that, even in the absence of a lease or specific agreement to maintain the property, "a tenant may be held liable for negligently allowing the demised premises to become dangerous" (Chadis v Grand Union Co., 158 AD2d 443, 444 [1990]). The plaintiff in Chadis was injured when he fell in a supermarket parking lot that was admittedly part of the demised premises (id. at 444). By comparison, plaintiffs have made no showing that the parking lot was included within defendant's demised premises, nothwithstanding the presence of a freestanding sign outside the entrance to the 68 Weibel Avenue shop, nor have plaintiffs demonstrated that defendant either had or exercised any right to control the parking lot adjacent to the demised premises (see Hoberman v Kids R Us, 187 AD2d 187, 190 [1993]). Absent any evidence of ownership, occupancy or control of the parking lot where plaintiff fell, we conclude that defendant did not owe a duty of care with respect to the allegedly dangerous condition, and Supreme Court should have granted defendant's motion for summary judgment (see Bridgham v Fairview Plaza, 257 AD2d 914, 915 [1999]).

Egan Jr., J., concurs.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court