Lahtinen, J.P.
Appeal from an order of the Supreme Court (Crowell, J.), entered April 2, 2014 in Saratoga County, which denied a motion by defendant K.C. Custom Framing, LLC for summary judgment dismissing the amended complaint against it.
Plaintiff Billie Contreras (hereinafter plaintiff) and his spouse, derivatively, commenced this action after plaintiff slipped and fell on ice in a parking lot while making a delivery to defendant K.C. Custom Framing, LLC (hereinafter defendant), a framing and fabric business. Defendant operated its retail store at 75 Weibel Avenue in the City of Saratoga Springs, Saratoga County and, in addition, used premises located across the street at 68 Weibel Avenue, which is where plaintiff fell. Both locations are owned by third-party defendant, who is also the father of the two sisters who own defendant. Following joinder of issue and the completion of discovery, defendant moved for summary judgment dismissing the amended complaint against it upon the ground that it did not occupy or control the relevant premises where plaintiff fell. Supreme Court denied the motion and defendant appeals.
We affirm. A nonowner who occupies or controls premises has a duty to exercise reasonable care regarding the condition of the premises (see Stevenson v Saratoga Performing Arts Ctr., Inc., 115 AD3d 1086, 1086-1087 [2014]). The boundaries of occupancy and extent of control are typically addressed in a written agreement, and may also be established or modified by a course of conduct (see Gronski v County of Monroe, 18 NY3d *1200 374, 380-381 [2011]). The absence of a written agreement creates a situation ripe for factual issues regarding relevant rights and responsibilities to the premises (see e.g. Geffs v City of New York, 105 AD3d 681, 682 [2013]; McClenan v Brancato Iron & Fence Works, 282 AD2d 722, 722-723 [2001]; Downey v R.W. Garraghan, Inc., 198 AD2d 570, 571-572 [1993]).
Here, there was no written agreement between defendant and third-party defendant regarding the premises. Defendant and third-party defendant had a close familial relationship, and it does not appear from the record that there was even an oral agreement specifically delineating their rights and responsibilities. In light of the absence of any agreement, defendant’s conduct regarding the premises is particularly pertinent. Plaintiff testified that, although defendant had a retail store across the road at 75 Weibel Avenue, he was directed by defendant to make deliveries at the 68 Weibel Avenue shop. He recalled that an owner or an employee of defendant was always present at such address when he made a delivery. While there were other businesses that used the parking lot at 68 Weibel Avenue, plaintiff stated that there were never vehicles directly in front of defendant’s shop other than a vehicle of an employee/ owner of defendant. He parked at such location in front of the shop when making deliveries and was so parked on the date of his accident. A freestanding sign for defendant’s business was located outside the building at 68 Weibel Avenue and in the vicinity where plaintiff parked. We agree with Supreme Court that, under the circumstances, there are triable issues of fact as to whether defendant exercised control over the pertinent part of the 68 Weibel Avenue premises.
Given the absence of a written agreement regarding the extent of defendant’s control and the existence of factual issues as to whether defendant exercised control over the pertinent part of the parking lot, the fact that third-party defendant routinely provided snow removal from the parking lot does not necessarily shield defendant from potential liability for plaintiffs fall on ice in the parking lot (see e.g. Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1145 [2011]; Cohen v Central Parking Sys., 303 AD2d 353, 354 [2003]).
McCarthy and Devine, JJ., concur.