■ VINCENT R. SELLITTI, an Infant, by His Father and Natural Guardian, CHARLES SELLITTI, et al., Respondents, v TJX COMPANIES, INC., Appellant, and 1832 REALTY, LLC, Respondent. [6 NYS3d 559]—

In an action to recover damages for personal injuries, etc., the defendant TJX Companies, Inc., appeals from an order of the Supreme Court, Kings County (Martin, J.), dated March 14, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims for contractual and common-law indemnification.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The infant plaintiff allegedly slipped and fell on ice located on a sidewalk abutting certain premises owned by the defendant 1832 Realty, Inc. (hereinafter 1832 Realty), and leased entirely by the defendant TJX Companies, Inc. (hereinafter TJX). The infant plaintiff, and his father suing derivatively, thereafter commenced this action against the defendants. The plaintiffs alleged, inter alia, that drops of water falling from a fire escape at the subject property caused the icy condition to develop. TJX cross-claimed against 1832 Realty for contractual and common-law indemnification. TJX moved for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims for contractual and common-law indemnification. TJX alleged, inter alia, that it owed no duty of care to the infant plaintiff.

"A tenant has a common-law duty to remove dangerous or defective conditions from the premises it occupies, even though the landlord may have explicitly agreed in the lease to maintain the premises and keep them in good repair" (*Sarisohn v 341 Commack Rd., Inc.*, 89 AD3d 1007, 1009 [2011]; *see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1145 [2011]). Here, TJX failed to establish, prima facie, that it had no duty to maintain the fire escape in a reasonably safe condition (*see Sarisohn v 341 Commack Rd., Inc.*, 89 AD3d at 1009; *Reimold v Walden Terrace, Inc.*, 85 AD3d at 1145; *Cohen v Central Parking Sys.*, 303 AD2d 353, 354 [2003]). As TJX failed to establish its prima facie entitlement to judgment as a matter of law, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the opposing parties (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

A party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Sawicki v GameStop Corp.*, 106 AD3d 979, 981 [2013]; *Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255 [2010]). "The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). TJX contended that the indemnification provision of the relevant lease evinced 1832 Realty's clear intention to indemnify TJX in circumstances where 1832 Realty was merely alleged to have been

negligent. However, TJX did not make a prima facie showing that the indemnification provision evinced 1832 Realty's clear intention to indemnify TJX absent proof of actual negligence on the part of 1832 Realty (*see Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255 [2010]). Accordingly, the Supreme Court properly denied that branch of TJX's motion which was for summary judgment on its cross claim for contractual indemnification, regardless of the sufficiency of 1832 Realty's opposition papers.

Finally, the Supreme Court properly denied that branch of TJX's motion which was for summary judgment on its cross claim for common-law indemnification since it failed to establish, prima facie, its own freedom from negligence (*see Mikelatos v Theofilaktidis*, 105 AD3d 822, 824 [2013]). Rivera, J.P., Austin, Roman and Barros, JJ., concur.