Hamilton v 3339 Park Dev. LLC (2018 NY Slip Op 00799)





Hamilton v 3339 Park Dev. LLC


2018 NY Slip Op 00799


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5613 301740/13

[*1]Danny Hamilton, Plaintiff-Respondent,
v
3339 Park Development LLC, Defendant, Naica Housing Development Fund Company, Inc., Defendant-Appellant.


Rutherford & Christie, LLP, New York (Adam C. Guzik of counsel), for appellant.
Ephrem J. Wertenteil, New York, for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered April 11, 2016, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint as against defendant Naica Housing Development Fund Company, Inc., unanimously affirmed, without costs.
Defendant failed to establish its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it neither created nor had notice of the alleged wet condition that caused plaintiff to slip and fall (see e.g. Garcia v Delgado Travel Agency, 4 AD3d 204 [2004]). In support of the motion, defendant relied on the deposition testimony of the plaintiff; building superintendent, Mr. Turull; and housekeeper for the building, Mr. Vega. Mr. Turull testified that it was his practice to inspect the staircase daily at approximately 8:00 a.m. and that everyday the floors were mopped at midnight. Mr. Turull further stated that on the morning of the accident, he did not receive any complaints about a wet staircase and his inspection shortly before the accident revealed that the staircase was "clear." Mr. Turull also testified, however, that it was his staff's practice to place wet floor signs on areas near spilled liquids, and that his staff would not leave the floor until such signs were placed. Mr. Vega, on the other hand, testified that he was present at the time of plaintiff's fall, and observed a wet floor sign on the floor at the top of the staircase. Based on the foregoing, issues of fact exist as to whether defendants created or had actual or constructive notice of a hazardous condition (Geffs v City of New York, 105 AD3d 681 [1st Dept 2013]; Rosado v Phipps Houses Servs., Inc., 93 AD3d 597 [1st Dept 2012]).
Contrary to defendant's argument, the evidence does not establish that it was a resident who deployed the wet floor sign as opposed to an employee (see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC, 99 AD3d 448 [1st Dept 2012]). Indeed, while Mr. Turull testified that the wet floor signs were "accessible," the record does not indicate that they were ever deployed by a resident. Nor was there evidence that the wet floor sign was deployed merely as a precautionary measure (compare Snauffer v 1177 Ave. of the Ams. LP, 78 AD3d 583 [1st Dept 2010]).
Defendant argues, improperly for the first time on appeal, that if the wet floor sign was deployed, then plaintiff was adequately warned. However, there was no evidence that the wet floor sign was sufficient to provide warning, as neither plaintiff nor Mr. Turull testified that they observed the sign, nor was a sign placed both in front of the doors leading to the staircase and the staircase itself, as Mr. Turull stated was defendant's practice (see e.g. Soto v 2780 Realty Co., LLC, 114 AD3d 503 [1st Dept 2014]). The mere placement of a wet floor warning sign does not automatically absolve defendant of negligence (see e.g. Felix v Sears, Roebuck & Co., 64 AD3d [*2]499 [1st Dept 2009]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK