Han Bin Hu v Bravo Food, Inc. (2019 NY Slip Op 01748)





Han Bin Hu v Bravo Food, Inc.


2019 NY Slip Op 01748


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06302
 (Index No. 502227/12)

[*1]Han Bin Hu, respondent, 
v
Bravo Food, Inc., appellant, et al., defendants.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for appellant.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Bravo Food, Inc., appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 9, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Bravo Food, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured while making an adjustment to a pasta-making machine owned by the defendant Bravo Food, Inc. (hereinafter the defendant). The defendant was a tenant at the subject premises. Subsequently, the plaintiff commenced this action against, among others, the defendant to recover damages for personal injuries. In his complaint, the plaintiff alleged that the premises were "allowed to remain in a dangerous, defective and unsafe condition due to the negligence of the defendants." In his bill of particulars, the plaintiff asserted that the defendant was "careless, reckless and/or negligent [in the] ownership, operation, management, maintenance . . . of the . . . premises." The plaintiff also asserted that he was caused to sustain injuries to his right hand "when the Defendant's employee negligently activated the machine" while the plaintiff was attempting to repair it. At his deposition, the plaintiff identified that employee as "Jian."
Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that no dangerous or defective condition existed on the premises. The plaintiff opposed the motion, arguing for the first time that the pasta-making machine was in a defective condition because it lacked a "safety gate." The Supreme Court, inter alia, denied the defendant's motion, finding that there were triable issues of fact which precluded the granting of summary judgment. The defendant appeals.
"A tenant has a common-law duty to keep the premises it occupies in a reasonably safe condition, even when the landlord has explicitly agreed in the lease to maintain the premises" [*2](Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1145; see Cohen v Central Parking Sys., 303 AD2d 353, 354; Chadis v Grand Union Co., 158 AD2d 443, 444). "To be entitled to summary judgment, a defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Cassone v State of New York, 85 AD3d 837, 838).
The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that no dangerous or defective condition existed (see Fuentes v Theodore, 164 AD3d 560, 561; Bernal v 521 Park Ave. Condo, 128 AD3d 750, 750; Balashanskaya v Polymed Community Care Ctr., P.C., 122 AD3d 558, 559). In opposition, the plaintiff failed to raise a triable issue of fact. Rather, the plaintiff argued for the first time in opposition that the pasta-making machine was in a dangerous and defective condition due to the absence of a safety device. However, this contention is belied by the plaintiff's own deposition testimony. The plaintiff testified that even if a safety device had been in place, it would not have prevented the accident, as he would have needed to remove it in order to make the necessary adjustments to the machine.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court