Mullins v CBS Broadcasting, Inc. (2025 NY Slip Op 01429)

Mullins v CBS Broadcasting, Inc.

2025 NY Slip Op 01429

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 30213/20|Appeal No. 3886|Case No. 2024-00705|

[*1]Lennon Mullins, Plaintiff-Appellant,
v
CBS Broadcasting, Inc., Defendant-Respondent, "ABC Corporation" (the Aforesaid Name Being Fictitious and its True Name Being Unknown), Defendant.

Wiese & Aydiner PLLC, New York (Si Aydiner of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered January 17, 2024, which granted defendant CBS Broadcasting, Inc.'s (defendant's) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, a messenger working in defendant's messenger room, alleges that he slipped on metal steps that were moist and slippery, and that there was no handrail on the right side of the stairway.
In support of its motion for summary judgment, defendant demonstrated prima facie that it lacked constructive notice of any wet condition by relying on plaintiff's testimony that he did not notice that the stairs were wet when he used them roughly 15 minutes before the accident, showing that the alleged dangerous condition was not visible and apparent for a sufficient time before the accident to provide constructive notice (see Fernandez v JPMorgan Chase Bank, NA, 170 AD3d 445, 445 [1st Dept 2019]). However, in opposition, plaintiff submitted evidence raising an issue of fact as to whether defendant had constructive notice of an ongoing or recurring dangerous condition of rainwater seeping onto the interior metal staircase that was routinely left unaddressed by it (see Rowley v Jerome JSD Holdings, LLC, 225 AD3d 557, 558 [1st Dept 2024]; Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]).
As for actual notice, defendant relied on the testimony of its messenger dispatcher that the stairs were in "perfect condition" when he arrived at work on the morning of the accident and that nobody had contacted defendant's facilities department to clean the stairs that morning. However, defendant did not provide any explanation for the presence of a wet floor sign at the top of the stairs, which raises an issue of fact whether defendant had actual notice of the wet condition of the stairs (see Geffs v City of New York, 105 AD3d 681, 681 [1st Dept 2013]; Hamilton v 3339 Park Dev. LLC, 158 AD3d 440, 441 [1st Dept 2018]). Contrary to defendant's contention, the "mere placement of a wet floor warning sign does not automatically absolve a defendant of negligence," but presents an issue of fact (Zubillaga v Findlay Teller Hous. Dev. Fund Corp., 197 AD3d 428, 432 [1st Dept 2021] [internal quotation marks, brackets and citation omitted]).
Additionally, defendant failed to address plaintiff's allegation that the absence of adequate handrails on plaintiff's right side was a proximate cause of the accident (see Gil v Margis Realty LLC, 183 AD3d 547, 548 [1st Dept 2020]). Plaintiff testified that there was no handrail on his right and that he had difficulty grabbing the only handrail on his left because a messenger was going up the stairs on his left when he fell. Thus, issues of fact exist as to whether the absence of handrails on his right was a proximate cause of the accident (see Sanchez v Irun, 83 AD3d 611, 612 [1st Dept 2011]). That plaintiff failed to allege a Building Code violation regarding [*2]the missing handrails in his bill of particulars is not fatal to his claim, as evidence of a Building Code violation "only constitutes mere evidence of negligence, and not negligence per se" (Jainsinghani v One Vanderbilt Owner, LLC, 162 AD3d 603, 604 [1st Dept 2018] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025