(February 20, 1996)

■ KELVIN L. SKERRITT et al., Respondents-Appellants, v JARRETT CONSTRUCTION COMPANY et al., Respondents, and REAL ESTATE INDUSTRIAL, INC., Appellant-Respondent. [638 NYS2d 448] —Order of the Supreme Court, Bronx County (Howard Silver, J.), entered June 21, 1995, which granted the motions of defendants-respondents for summary judgment and dismissed the complaint and cross-claims as against them, unanimously reversed, on the law, the motions denied and the complaint and cross-claims against defendants-respondents reinstated, with costs.

Plaintiff Kelvin Skerritt was allegedly injured when he slipped on sawdust which had been permitted to accumulate on stairs leading from the third to the second floor of premises

owned by defendant-appellant Real Estate Industrial, Inc. Defendant-respondent Central Properties of 49th St. had leased space on the second floor of the premises and, at the time of the accident, defendant-respondent Jarrett Construction Company was renovating that space for the eventual occupancy of Central Properties. Plaintiff and Real Estate Industrial, the cross-claimant, assert that the sawdust upon which plaintiff slipped was generated by Jarrett Construction during the second floor renovation. Relying on that portion of the lease between Real Estate Industrial and Central Properties that assigns to the landlord responsibility for maintaining the public areas of the premises, the motion court granted the summary judgment motion of Central Properties and Jarrett Construction and dismissed the complaint and cross-claims against them. In so doing the court erred. While the cited portion of the lease clearly allocates responsibility for ordinary maintenance of public areas, we do not think that it may at this stage in the litigation be fairly read, as a matter of law, to signify the owner's agreement alone to bear the very much more onerous burden of cleaning up after its tenant's contractor. Moreover, even if the lease clearly allocated the presently disputed responsibility as between landlord and tenant, which it does not, it would be powerless in and of itself to affect the liability of a non-contracting party, such as Jarrett Construction, to another non-contracting party such as the plaintiff; if Jarrett's negligence has caused the plaintiff harm, its liability cannot be reduced much less eliminated simply by reference to an agreement to which neither it nor the plaintiff was a party. Similarly, while the lease may ultimately determine how liability is apportioned between landlord and tenant, it is ineffective to shield either party thereto from the claims of a third party alleging, as here, that the negligence of one or both of the contracting parties resulted in foreseeable injury to that third, non-contracting party (see, Chadis v Grand Union Co., 158 AD2d 443; McNelis v Doubleday Sports, 191 AD2d 619). It is clear then that a defense to the within complaint must rest not upon the lease's allocation of responsibility as between its signatories, but upon proof negating some element of the tort plaintiff has alleged. The proof adduced by the movants, however, fails to do this. At best, it suffices only to raise issues of fact as to the extent of the movants' common law duty and ultimate responsibility for the hazardous condition said to have caused plaintiff's injury. Plainly, this was not a record warranting summary adjudication. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.