■ Rose DeMatteis, Respondent, v Sears, Roebuck and Co., Respondent-Appellant, Fred M. Schildwachter & Sons, Inc., Appellant-Respondent, and LeMae Realty Corp., Respondent. [782 NYS2d 261]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 7, 2003, which denied the motion of defendant Fred M. Schildwachter & Sons, Inc. for summary judgment dismissing the complaint as against it, and the cross motion of defendant Sears, Roebuck and Co. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In this action to recover damages for personal injuries allegedly sustained by plaintiff in consequence of having tripped on a raised oil filler cap located on premises leased by defendant Sears from defendant LeMae Realty, neither moving defendant has met its burden of demonstrating, as a matter of law, that it did not create the alleged hazard or have actual or constructive notice of it (*see Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]). Triable issues are raised as to whether defendant oil delivery company Schildwachter & Sons installed the oil filler cap upon which plaintiff claims to have tripped, and thus as to whether it is responsible for creating the alleged hazard. Triable issues are also raised as to whether, prior to plaintiff's accident, Schildwachter, which serviced the filler cap in question and may have serviced the immediately surrounding area as well, through its oil delivery personnel otherwise had

notice, either actual or constructive, of the complained-of hazard. Finally, in light of the conflicting testimony as to the magnitude and obviousness of the alleged dangerous condition, triable issues are raised as to whether Sears had actual or constructive notice of it. Contrary to Sears's argument, it was not relieved of its common-law duty as lessee to maintain the leased premises in reasonably safe condition by the provision in its lease with LeMae conditionally assigning responsibility for the area in question to LeMae (*see Skerritt v Jarrett Constr. Co.*, 224 AD2d 299 [1996]). Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.