■ AIDA ESPINOSA, Respondent, v JMG REALTY CORPORATION et al., Appellants, et al., Defendant. [861 NYS2d 333]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered September 20, 2006, which, insofar as appealed from, denied the cross motions of defendants JMG Realty Corporation (JMG), Petro, Inc. and Petroleum Heat and Power Co. (collectively Petro), and the City of New York and New York City Department of Transportation (collectively City) for summary judgment dismissing the complaint, unanimously modified, on the law, the City's and Petro's cross motions granted, and the complaint and cross claims as against the City and Petro dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The court improperly denied Petro's cross motion for summary judgment. Plaintiff alleges that she tripped and fell on the sidewalk, in front of a building owned by JMG, over the cap on the fill pipe of an underground fuel tank. It is undisputed that the day before plaintiff's fall, Petro made a fuel oil delivery to JMG's building, requiring its personnel to unlock and then replace the fuel cap. The evidence also reflects that the fuel cap is locked and unlocked by the twist of a wrench. Petro asserted that the cap was properly locked on the day of delivery. There is no evidence that when plaintiff's foot allegedly struck the cap it came loose, which would be evidence of improper locking. Plaintiff claims there is an issue of fact whether Petro, by failing to properly lock the cap, created the defective and hazardous condition. However, to debate, on these facts, whether Petro failed to properly replace the cap, and thereby created the hazardous condition, is to enter the prohibited realm of pure speculation.

Dismissal of the complaint as against the City is also warranted, because the record evidence establishes that the City lacked prior written notice of the alleged defective condition (*see* Administrative Code of City of NY § 7-201 [c] [2]). Although plaintiff submitted a Big Apple map showing a defect in the subject sidewalk, there is no dispute that plaintiff tripped over the fuel cap, not the defect reflected in the map, and "[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (*Roldan v City of New York*, 36 AD3d 484 [2007]).

Summary judgment was properly denied to JMG, whose special use of the sidewalk imposed on it a duty to maintain the area around the fuel cap in a safe condition (*see Santorelli v City of New York*, 77 AD2d 825 [1980]), and which failed to establish that it did not have actual or constructive notice of the defective condition (*see DeMatteis v Sears, Roebuck & Co.*, 11 AD3d 207, 208 [2004]). Contrary to JMG's contention, the alleged defect was not so trivial as to preclude a finding of negligence (*see Schechtman v Lappin*, 161 AD2d 118, 120-121 [1990]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.