■ ELIDA SHKRELI, Respondent, v BOSTON PROPERTIES, INC., et al., Appellants. [959 NYS2d 151]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 13, 2012, which, insofar as appealed from as limited by the briefs, denied defendants' motions for summary

judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she suffered an electric shock while working as a cleaner in the commercial premises leased by defendant CIBC World Markets Corp. from the property owners, defendants Boston Properties, Inc., and BP 280 Park Avenue, LLC (collectively BP). Although plaintiff concedes that she does not know the precise source of the electricity which shocked her, viewing the evidence in the light most favorable to plaintiff, we find that the combination of floorwide flooding conditions, coupled with unattended live electrical equipment exposed to the wet conditions, constituted the hazardous condition which caused her alleged injuries (*see Shafer v Edelstein*, 26 Misc 3d 1203[A], 2009 NY Slip Op 52649[U] [Sup Ct, NY County 2009]). Moreover, given the passage of time between BP's discovery of the flooding condition and plaintiff's accident, issues of fact exist as to whether defendants were on actual or constructive notice of the hazardous condition (*see DeMatteis v Sears, Roebuck & Co.*, 11 AD3d 207 [1st Dept 2004]).

CIBC was under a common-law duty to maintain the leased premises in a reasonably safe condition (*see DeMatteis*, 11 AD3d at 208; *Chadis v Grand Union Co.*, 158 AD2d 443, 444 [2d Dept 1990]). Moreover, the record discloses that CIBC installed the instruments that caused the flood.

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.