*402 The private sidewalk upon which plaintiff fell was not part of the premises demised under a store lease between Payless, the tenant, and defendant VNO, the landlord. The lease described the demised premises as ground floor space “in the building” depicted in an annexed diagram. In fact, the lease provided that the sidewalk was part of common facilities that were subject to VNO’s “exclusive control and management.” This case is controlled by Rothstein v 400 E. 54th St. Co. (51 AD3d 431 [1st Dept 2008]), in which we held that the lessee of a condominium’s commercial unit had no duty to maintain stairs that were part of the common elements but not part of its leased premises. Accordingly, Payless was not under any contractual, statutory or common-law duty to maintain VNO’s sidewalk. Shkreli v Boston Props., Inc. (102 AD3d 613 [1st Dept 2013]), which plaintiff cites, is distinguishable because it involves an accident that occurred “in the commercial premises leased by” one of the moving defendants (id. at 614). Zito v 241 Church St. Corp. (223 AD2d 353 [1st Dept 1996]), also cited by plaintiff, is equally distinguishable as it speaks to a tenant’s “common-law duty to remove dangerous defects from its premises” (id. at 355 [emphasis added]). As noted above, the sidewalk where the accident occurred was not part of the premises leased to Payless. As Payless had no duty to maintain the sidewalk, there is no need to address the issue of whether it had constructive notice of a dangerous condition. Concur — Acosta, J.P, Renwick, Saxe, DeGrasse and Richter, JJ.