Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 4, 2012, which, insofar as appealed from, granted the motion of defendant C.L.B. Check Cashing, Inc. (CLB) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered June 13, 2013, which, insofar as appealable, denied plaintiff’s motion to renew, unanimously dismissed, without costs, as academic.
Defendant tenant CLB failed to establish its entitlement to judgment as a matter of law in this action for personal injuries allegedly sustained by plaintiff when he slipped and fell on a sheet of ice on a private sidewalk located adjacent to CLB’s check cashing store. CLB was located within a lot that also contained a gas station and the alleged cause of the icy condition was water leakage from a drainpipe that ran down the side of the building within which CLB was located.
It is well established that a tenant owes a common-law duty of reasonable care to maintain the demised premises in a reasonably safe condition, independent of any obligation that might be imposed by the existence of a lease (see DeMatteis v Sears, Roebuck & Co., 11 AD3d 207, 208 [1st Dept 2004]; Zito v 241 Church St. Corp., 223 AD2d 353, 355 [1st Dept 1996]). The fact that nonparty C.L.B. #6 Inc. (CLB#6) was required to maintain the sidewalk under its lease with the landlord is irrelevant to CLB’s common-law duty to maintain the demised premises (see DeMatteis, 11 AD3d at 208; Chadis v Grand Union Co., 158 AD2d 443 [2d Dept 1990]). Additionally, whether a gas station was also a tenant of the premises is also irrelevant to CLB’s duty (see Chadis at 444). Because CLB never produced the lease between itself and CLB#6, which might reflect whether the subject sidewalk was part of the demised premises, it failed to *481 establish prima facie that it owed no duty to maintain the subject sidewalk (cf. Vivas v VNO Bruckner Plaza LLC, 113 AD3d 401 [1st Dept 2014]).
CLB also failed to establish that it did not create the condition, as it did not submit any evidence showing that it was not the party that installed the subject drainpipe, which allegedly created the icy condition (see DeMatteis, 11 AD3d at 207). Contrary to CLB’s contention, it may reasonably be inferred from plaintiffs testimony and the photographs submitted that the icy condition was attributable to leakage from the pipe (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 568 [1st Dept 2011]). CLB also did not satisfy its burden of establishing lack of constructive notice, as it did not submit any evidence from a store employee showing that employees regularly inspected the sidewalk (id. at 567). In any event, plaintiff raised a triable issue of fact as to constructive notice by submitting the photographs and his testimony showing that a layer of ice had formed over the entire section of the sidewalk on which he slipped (id.; Taylor v Bankers Trust Co., 80 AD2d 483, 487-488 [1st Dept 1981]).
CLB’s argument that plaintiffs negligence in walking on the ice despite having observed it was the sole proximate cause of the accident, is unavailing. The evidence shows that plaintiff did not have a safe alternative route around the ice (compare Thomas v City of New York, 16 AD3d 203 [1st Dept 2005]).
Concur — Saxe, J.E, Moskowitz, Freedman, Gische and Kapnick, JJ.