■ JULIE RAGOLIA, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [40 NYS3d 63]—

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 10, 2015, which, to the extent appealed from as limited by the briefs, granted defendant the City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The City made a prima facie showing that it did not have prior written notice of the defective roadway condition that allegedly caused plaintiff's bicycle accident, and plaintiff failed to raise a triable issue of fact (Administrative Code of City of NY § 7-201 [c] [2]; *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). Plaintiff's submission of a January 2010 inspection report was insufficient to show that the City had issued a "written acknowledgment" of the defect within the meaning of Administrative Code § 7-201 (c) (2), since the report identifies a roadway defect at a different location. "[A]wareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (*Espinosa v JMG Realty Corp.*, 53 AD3d 408, 409 [1st Dept 2008] [internal

quotation marks omitted]). In addition, plaintiff's expert's assumption that the City must have created the roadway defect because no permits had been issued is speculative (*Baez v City of New York*, 278 AD2d 83, 83-84 [1st Dept 2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.