■ EDWIN LEBRON, Appellant, v CITY OF NEW YORK, Defendant, and BRONX LEBANON MEDICAL CENTER, Respondent. [40 NYS3d 897]—

Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about March 24, 2016, which granted defendant Bronx Lebanon Medical Center's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Although a landowner is responsible for maintaining abutting sidewalks (*see* Administrative Code of City of NY § 7-210), it is not responsible for the curbs or ramps (*see Gary v 101 Owners Corp.*, 89 AD3d 627 [1st Dept 2011]; Administrative Code § 19-101 [d]), unless a defect thereon was created by the landowner or occurred because of a special use (*see Trent-Clark v City of New York*, 114 AD3d 558 [1st Dept 2014]). The duty to maintain an area of special use is not dependent on a finding that the landowner actually installed or repaired the area, only that it derived the special benefit (*see Karr v City of New York*, 161 AD2d 449 [1st Dept 1990]).

The court properly concluded that Bronx Lebanon did not derive a special benefit from the curb cut and handicapped ramp area where plaintiff fell because the area was accessible and used by the general public, and there was no evidence that the curb cut and ramp were installed by Bronx Lebanon or its predecessor or at its behest (*see Trent-Clark*, 114 AD3d at 558-559). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.