Adriana G. v Kipp Wash. Hgts. Middle Sch. (2018 NY Slip Op 06787)





Adriana G. v Kipp Wash. Hgts. Middle Sch.


2018 NY Slip Op 06787


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7278 155371/15

[*1]Adriana G., an infant under the age of Fourteen years, etc., et al., Plaintiffs-Respondents,
v
Kipp Washington Heights Middle School, et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Matthew W. Naparty of counsel), for appellants.
Joshua Annenberg, New York, for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 18, 2017, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Infant plaintiff, a student at defendant charter school, which is operated by defendants, sustained injuries that resulted in her right ring finger being amputated after it became caught in a playground fence during recess on property that is owned by nonparty City of New York and maintained by nonparty New York City Department of Education.
Defendants failed to demonstrate their entitlement to summary judgment as they have failed to show that they did not have a common-law duty to maintain the fence in a reasonably safe condition. "Liability for a dangerous condition on property may only be predicated upon occupancy, ownership, control or special use of such premises" (see Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]). Although there is no evidence that defendants' special use of the playground caused a chain link in the fence to become sharp, the record suggests that defendants' employees were in possession of, occupied, and controlled access to the playground where the fence is located when the accident occurred (see Milewski v Washington Mut., Inc., 88 AD3d 853, 855 [2d Dept 2011]). Additionally, defendants failed to provide a lease agreement establishing that they did not have a duty to maintain the playground fence which, they allege, was in a common area and not part of their demised premises (cf. Vivas v VNO Bruckner Plaza LLC, 113 AD3d 401, 402 [1st Dept 2014]). It is irrelevant that other schools also occupied the premises and were also allowed to use the playground (see Williams v Esor Realty Co., 117 AD3d 480 [1st Dept 2014]).
Furthermore, defendants failed to show that the accident location was in a reasonably safe condition when the accident happened. Defendants submitted an expert professional engineer's affidavit averring that the fence was in compliance with the New York City School Construction Authority's (NYCSCA) standards (see Schmidt v One N.Y. Plaza Co. LLC, 153 AD3d 427, 428-429 [1st Dept 2017]; Griffith v ETH NEP, L.P., 140 AD3d 451 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). However, plaintiffs raised a triable issue of fact because they submitted an expert affidavit from a certified playground safety inspector stating that the fence violated NYCSA's standards because her inspection revealed that it had sharp edges, and infant plaintiff's [*2]affidavit averring that the sharp edges on the top of the fence were present when the accident happened (see Berr v Grant, 149 AD3d 536, 537 [1st Dept 2017]; Alvia v Mutual Redevelopment Houses, Inc., 56 AD3d 311, 312 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK