Melendez v Alliance Hous. Assoc., L.P. (2022 NY Slip Op 00047)





Melendez v Alliance Hous. Assoc., L.P.


2022 NY Slip Op 00047


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 25898/17E Appeal No. 15000 Case No. 2021-02990 

[*1]Franchesca Melendez, Plaintiff-Respondent,
v
Alliance Housing Associates, L.P., et al., Defendants-Appellants, AAA Management Corp., et al., Defendants.


Litchfield Cavo LLP, New York (Patrick T. Steinbauer of counsel), for appellants.
Krieger, Wilansky & Hupart, Bronx (Brett R. Hupart of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 6, 2021, which denied the motion of defendants Alliance Housing Associates, L.P., Alliance Housing Associates LLC, and Park AAA Management Inc. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff's submissions raised triable issues of fact as to whether defendants had constructive notice of the visible dangerous condition. Plaintiff demonstrated, through her testimony and photographs, that the floor was deteriorating and that there were loose and broken tile pieces on the third-floor landing, months before the accident happened (see Hill v Lambert Houses Redevelopment Co., 105 AD3d 642, 642-643 [1st Dept 2013]). The defective condition, plaintiff stated in her testimony, was left unaddressed. Although plaintiff did not see the defect immediately prior to her fall, she stated that she felt a piece of tile under her foot when she slipped, and immediately afterward, she saw that the loose tile had fallen. The fact that plaintiff did not see the loose tile while she slipped and fell does not make her conclusion speculative (see Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 744-745 [1986]). Further, defendants and plaintiff's conflicting version as to how the accident occurred raise credibility issues, and "[i]t is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022