| Rosario v HP 680 St. Nicholas Hous. Dev. Fund Co., Inc. |
|---|
| 2024 NY Slip Op 33439(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159640/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                        PART                        **33M**

_Justice_

-------------------------------------------------------------------X

MAGALY ROSARIO,

Plaintiff,

- v -

HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND
COMPANY, INC.,FAIRSTEAD MANAGEMENT LLC

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159640/2022 |
| MOTION DATE | 04/09/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84

were read on this motion to/for                        SUMMARY JUDGMENT(AFTER JOINDER      .

Upon the foregoing documents submitted by Michael J. Glidden, Esq. on behalf of

Defendants HP 680 Nicholas Housing Development Fund Company, Inc. ("680 HDFC") and

Fairstead Management, LLC ("Fairstead") (collectively "Defendants") and by Brett A. Zekowski,

Esq. on behalf of Plaintiff Magaly Rosario ("Plaintiff"), and after a final submission date of July

18, 2024, Plaintiff's motion for summary judgment against Defendants on the issue of liability and

dismissal of Defendants' second and fourteenth affirmative defenses is denied.

## I.      Background

For a more thorough recitation of the facts, the reader is referred to this Court's Decision

and Order on motion sequence 002.

For purposes of this motion, Plaintiff seeks summary judgment on the issue of liability

against Defendants. Plaintiff argues that as a property owner and an agent of the property owner,

it is undisputed that Defendants owed her a duty to maintain their property in a reasonably safe

manner. Plaintiff further argues that it is undisputed that a hazardous condition existed on the

**159640/2022  ROSARIO, MAGALY vs. HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND**                        **Page 1 of 5**
**COMPANY, INC., ET AL**
**Motion No.  003**

1 of 5

property as Jennifer Lau, a Fairstead employee, testified that had she observed the missing tread on the stairs, she would have requested that it be repaired immediately because it could be a tripping hazard. Plaintiff further argues that although Defendants knew about the missing tread, they deliberately chose not to warn tenants about it because they thought it would be a "quick fix." Defendants argue it is undisputed that the missing tread was the proximate cause of Plaintiff's accident as indicated in her deposition testimony. Plaintiff also argues that Defendants' second affirmative defense which claims Plaintiff was comparatively negligent should be dismissed, and asserts that Defendants' fourteenth affirmative defense, that Plaintiff was the sole proximate cause of her accident should be dismissed.

In opposition, Defendants argue that there are triable issues of fact as to what caused her to fall. In particular, Defendants point to deposition testimony wherein Plaintiff admits that her shoes were wet from rainwater and that this played a role in causing her fall. Defendants also argue that Plaintiff could have used a handicap accessible ramp instead of the allegedly defective stairs and therefore their affirmative defenses regarding Plaintiff's comparative negligence and whether she was the sole proximate cause of her accident should not be dismissed.

In reply, Plaintiff argues that her wet shoes cannot be considered a cause of the accident when the missing tread was a safety device meant to prevent people with wet shoes from slipping. Plaintiff further argues that Defendants ignore their own witnesses' admissions that the missing tread constituted an unsafe trip hazard.

## II.    Discussion

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and

**159640/2022   ROSARIO, MAGALY vs. HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND
COMPANY, INC., ET AL
Motion No.  003**

**Page 2 of 5**

2 of 5

on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (Jacobsen v New York City Health and Hosps. Corp., 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (See e.g., Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Pemberton v New York City Tr. Auth., 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (see Banco Popular North Am. v Victory Taxi Mgt., Inc., 1 NY3d 381 [2004]).

Viewing the facts in the light most favorable to the non-movant, the Defendants, the Court finds there are triable issues of fact which preclude granting summary judgment. As a preliminary matter, there is an issue of fact as to notice. Although Plaintiff asserts that the tread had been missing for months, one defense witness, Ms. Lau, testified she had no notice of the missing tread. The other defense witness, Mr. Alejo, testified that three days prior to Ms. Rosario's fall he had noticed the missing tread and that a replacement tread had been ordered but was still in transit (*see* NYSCEF Docs. 31 and 55). Mr. Alejo testified that the tread took a week to arrive and once it arrived the stairs were remedied immediately (*see Zuk v Great Atlantic & Pacific Tea Co., Inc.,* 21 AD3d 275 [1st Dept 2005] [to constitute constructive notice of a defect, the defect must be visible and exist for a sufficient length of time prior to the accident to permit the landowner to discover and remedy it]).

Based on the record before the Court, the conflicting testimony regarding the length of time the missing tread existed, and whether Defendants had adequate time to remedy the condition prior to Plaintiff's fall, are issues of fact best left for a jury (*Hill v Lambert Houses Redevelopment Co.,* 105 AD3d 642 [1st Dept 2013]; *Sacca v 41 Bleecker Street Owners Corp.,* 51 AD3d 586 [1st Dept

159640/2022 ROSARIO, MAGALY vs. HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND COMPANY, INC., ET AL
Motion No. 003

Page 3 of 5

2008]). Indeed, aside from Plaintiff's testimony, there is no evidence that anyone ever complained about the missing stair tread, and even Plaintiff testified she never complained about the missing stair tread. As held by the First Department, the conflicting accounts of the length of time the defective condition existed raise credibility issues which are to be left for the jury (*Melendez v Alliance Housing Associates, L.P.*, 201 AD3d 437 [1st Dept 2022]). Moreover, it is for a jury to decide whether it is reasonable under the circumstances for Defendants to have elected to order replacement tread which would take a week to arrive or if a more expedient alternative could have been utilized.

Likewise, Plaintiff has not sustained her burden of dismissing Defendants' second affirmative defense, which asserts Plaintiff was comparatively negligent. The record shows there was a non-defective ramp which Plaintiff could have used, yet she elected to use allegedly defective stairs despite knowing that the tread on the top stairs was missing. Moreover, given the allegedly defect-free ramp available to Plaintiff, there are issues of fact as to whether Plaintiff was the sole proximate cause of her accident (*see e.g. Dillard v New York City Hous. Auth.*, 112 AD3d 504 [1st Dept 2013]). Although Plaintiff argues this defense is only applicable in Labor Law cases, it may be applied in slip and fall cases if the plaintiff has a safe alternative route yet decided for no good reason not to utilize that route (*Williams v Esor Realty Co.*, 117 AD3d 480 [1st Dept 2014]; *Thomas v City of New York*, 16 AD3d 203 [1st Dept 2005]).

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment against Defendants on the issue of liability and dismissal of Defendants' second and fourteenth affirmative defenses is denied in its entirety; and it is further

**159640/2022  ROSARIO, MAGALY vs. HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND
COMPANY, INC., ET AL
Motion No. 003**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | *M**ary V. Rosado JSC* | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|---|-------------------------|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159640/2022  ROSARIO, MAGALY vs. HP 680 ST. NICHOLAS HOUSING DEVELOPMENT FUND      Page 5 of 5
COMPANY, INC., ET AL
Motion No.  003

5 of 5