Katz-Wisnudel v Lower Manhattan Dialysis Ctr., Inc. (2026 NY Slip Op 00089)

Katz-Wisnudel v Lower Manhattan Dialysis Ctr., Inc.

2026 NY Slip Op 00089

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 155252/21|Appeal No. 5197|Case No. 2024-03578|

[*1]Amy L. Katz-Wisnudel, as Administrator of the Estate of Howard Katz, Appellant,
vLower Manhattan Dialysis Center, Inc., et al., Respondents.

Law Office of Rachel L. Kaylie, P.C., Brooklyn (Rachel L. Kaylie of counsel), for appellant.
Law Offices of Shahab Katirachi, New York (Lawrence Getzler of counsel), for Lower Manhattan Dialysis Center Inc., respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about May 1, 2024, which granted defendant Lower Manhattan Dialysis Center, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff's decedent, a dialysis patient with limited mobility, slipped and fell on an icy access ramp leading from the sidewalk to a below-ground level plaza that housed several businesses including a dialysis center operated by defendant Lower Manhattan Dialysis Center, Inc. (LMDC). LMDC leased the space from defendant-landlord Park Towers Tenants Corp. (Park Towers).
Plaintiff failed to raise any issue of fact whether LMDC had a duty to maintain the ramp. Under the lease between landlord Park Towers and tenant LMDC, only Park Towers is required to "keep the entrances, exits, steps and walkways leading to and from the Building and the Demised Premises clean, free from ice, snow and other hazards." The lease does not limit Park Towers' responsibility to business hours or require LMDC, or other tenants who used this shared ramp, to remove ice or snow from the ramp when Park Towers' employees have not done so before LMDC opens in the early morning (see Vivas v VNO Bruckner Plaza LLC, 113 AD3d 401, 402 [1st Dept 2014]; Figueroa v Tso, 251 AD2d 959 [3d Dept 1998]).
Plaintiff argues that because some of LMDC's dialysis patients have limited mobility and need to use the ramp to reach LMDC's office, the doctrine of special use requires LMDC to maintain the ramp. Assuming the doctrine could apply here, the record shows that aside from other businesses in the plaza using the ramp, not just LMDC, there is no showing that LMDC altered the ramp or installed any devices to accommodate its patients. Thus, LMDC did not derive any special benefit from the ramp (see Lebron v City of New York, 144 AD3d 566 [1st Dept 2016]; Trent-Clark v City of New York, 114 AD3d 558, 559 [1st Dept 2014]; cf. LaRosa v Corner Locations, II, L.P., 169 AD3d 512, 513 [1st Dept 2019] [question of fact whether tenant made special use of sidewalk cellar door that was expressly part of the leased premises]; Weiskopf v City of New York, 5 AD3d 202, 203 [1st Dept 2004] [installation subway entrance substructure constituted special use by transit authority]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026